**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Robert Gaxiola, | No. CV-16-00063-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Albert Robert Gaxiola filed his pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for felony murder, aggravated assault, first-degree burglary, attempted first-degree murder, aggravated robbery, and armed robbery. (Doc. 1). Petitioner raises four grounds for relief: (1) the State presented inconsistent theories at the separate trials of two defendants, arguing each one was the sole organizer and planner; (2) the trial court denied Petitioner's request for an interrogatory regarding whether he was in the house or not at the time of the crime and therefore convicted him on a theory not recognized by state or federal law; (3) insufficient evidence to convict for burglary or robbery as predicate felonies for felony murder; and (4) ineffective assistance of appellate counsel ("IAC") for allowing the Arizona Court of Appeals ("COA") to consider the wrong facts and for failing to raise and preserve 404(b) evidentiary issues. Respondents filed an Answer contending that Grounds One, Two, and Three are technically exhausted and procedurally defaulted, and that Ground Four is unexhausted and procedurally barred. (Doc. 11). Respondents further

state that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default of his claims. Petitioner did not file a reply.

The Court finds that all of Petitioner's claims are technically exhausted and procedurally defaulted and thus not properly before this Court for review. The Court further finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. Accordingly, the petition will be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial, Sentencing, and Appeal

A Pima County Superior Court jury found Petitioner guilty of two counts of felony murder, two counts of aggravated assault, first-degree burglary, first-degree murder, attempted first-degree murder, aggravated robbery, and armed robbery. (Ex. A). Petitioner was sentenced to two consecutive life sentences for the felony murders and consecutive sentences on the remaining counts totaling 54 years. *Id.* The Arizona COA summarized the facts of the case as follows:

> While Gaxiola waited outside, his accomplices Forde and Bush went to the front door of victim Gina G.'s house, claimed to be Border Patrol agents and threatened to shoot her husband, Raul F., if he moved from the door. They then ordered Raul to let them into the house immediately. He opened the door. Forde and Bush entered and began ordering the family to sit down and be quiet. Raul tried to question Bush and Forde about who they were, but Bush shot him. When Gina stood up to protest, Bush shot her twice, then turned back to Raul and shot him again several times, ultimately killing him. While lying on the floor, Gina heard Gaxiola and another intruder ransacking her house, searching for drugs and money, although they only succeeded in stealing her jewelry. Meanwhile, Bush questioned Gina's daughter, B., and shot her twice in the face, ultimately killing her. At this point the intruders left.
>
> Soon after Gina called 9-1-1 for help, Forde reentered the house, noticed Gina was still alive, and said "she's alive, you need to go back in there and finish her off." Gina made her way to Raul's handgun, and when Bush came back and opened fire on her, Gina returned fire. Bush was injured and ran away. Gaxiola then entered the premises and fired at Gina, but fled after Gina began shooting at him. Gaxiola and the others did not return.

(Ex. E at ¶¶ 2–3).

Following his conviction, Petitioner sought relief in the Arizona COA. Appointed counsel filed a brief presenting five issues for review: (1) insufficient evidence to convict for felony murder where the evidence showed Petitioner was an accomplice, but not a principal, to the predicate felonies; (2) the trial court erroneously permitted the State to argue that Petitioner could be convicted based on accomplice liability; (3) count four should be vacated because Arizona does not recognize the crime of attempted felony murder; (4) the consecutive sentences for counts three through eight should be concurrent; and (5) the restitution order should be vacated. (Ex. B). On October 18, 2012 the COA affirmed in part and vacated and remanded in part. (Ex. E). Specifically, the court found that accomplice liability applies to felony murder to the extent the defendant is an accomplice to the predicate felony, and therefore the trial court did not err in instructing the jury on accomplice liability. The court vacated Petitioner's aggravated robbery sentence and remanded for resentencing, and vacated the restitution order and remanded for a new restitution hearing. Petitioner filed a petition for review with the Arizona Supreme Court, which the court denied on May 30, 2013. (Ex. F).

On December 12, 2013, Petitioner was resentenced to a concurrent term on the aggravated robbery charge. (Ex. H). Petitioner then filed a second appeal challenging his new sentence and the restitution award. Appointed counsel filed an Anders brief, and Petitioner never filed a pro se petition. (Ex. I). On June 5, 2014 the COA found no reversible error and affirmed the resentencing order and award of restitution. *Id.* Petitioner did not file a petition for review with the Arizona Supreme Court.

**B. Petition for Post-Conviction Relief**

On May 30, 2013 Petitioner initiated proceedings in Pima County Superior Court for post-conviction relief ("PCR"). (Ex. K). Appointed counsel filed a petition raising five issues: (1) the COA affirmed Petitioner's convictions based on clearly erroneous facts; (2) appellate counsel was ineffective for failing to argue the issue of the trial court precluding an important witness; (3) ineffective assistance of trial and appellate counsel

- 3 -

1    for failing to raise and preserve Rule 404(b) evidentiary issues; (4) the trial court
2    interfered with Petitioner presenting his theory of the case; and (5) the trial court
3    improperly excluded testimony by Petitioner's crime scene expert. (Ex. L). The trial court
4    denied PCR on August 22, 2014. (Ex. O).
5         Petitioner filed a petition for review with the Arizona COA and alleged that the
6    trial court erred when (1) it refused to consider Petitioner's due process, constitutional
7    claim that the COA relied on erroneous facts when it affirmed Petitioner's convictions,
8    and (2) it failed to consider Petitioner's ineffective assistance of appellate counsel claim.
9    (Ex. P). On February 10, 2015 the COA issued its decision granting review and denying
10   relief. (Ex. Q). Petitioner did not file a petition for review with the Arizona Supreme
11   Court.

## C. Habeas Petition

13        Petitioner filed his PWHC in this Court on January 20, 2016, asserting four
14   grounds for relief. (Doc. 1). Petitioner requests that the Court vacate his convictions.

## II.    STANDARD OF REVIEW

16        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the
17   federal court's power to grant a petition for a writ of habeas corpus on behalf of a state
18   prisoner. First, the federal court may only consider petitions alleging that a person is in
19   state custody "in violation of the Constitution or laws or treaties of the United States." 28
20   U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant
21   habeas corpus relief, with some exceptions, unless the petitioner exhausted state
22   remedies. Additionally, if the petition includes a claim that was adjudicated on the merits
23   in state court proceedings, federal court review is limited by section 2254(d).

## A. Exhaustion

25        A state prisoner must exhaust his state remedies before petitioning for a writ of
26   habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526
27   U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts
28   the opportunity to rule upon the merits of his federal claims by fairly presenting them to

the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29,

2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations and citation omitted); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made

1  compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal

2  quotations and citations omitted). Prejudice requires "showing, not merely that the errors

3  at his trial created a possibility of prejudice, but that they worked to his actual and

4  substantial disadvantage, infecting his entire trial with error of constitutional

5  dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

6  The Court need not examine the existence of prejudice if the petitioner fails to establish

7  cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119,

8  1123 n. 10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief

9  from his procedural default if he can show that the procedural default would result in a

10  'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir.

11  2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the

12  procedural default rule is limited to habeas petitioners who can establish that "a

13  constitutional violation has probably resulted in the conviction of one who is actually

14  innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at

15  1028.

16  **III.    ANALYSIS**

17    **A. Ground One**

18      In Ground One, Petitioner contends that the State presented inconsistent theories

19  about who planned and organized the home invasion because during Forde's trial, the

20  State argued that she was the sole organizer and planner, and during Petitioner's trial, the

21  State also argued that he was the sole organizer and planner. Despite checking the box on

22  his habeas form that this claim was presented to the COA, Petitioner never presented this

23  argument during his direct appeal or PCR proceedings.

24      Claims not previously presented to the state courts on either direct appeal or

25  collateral review are generally barred from federal review because any attempt to return

26  to state court to present them would be futile unless the claims fit into a narrow range of

27  exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on

28  direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c)

(petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in Ground One in state court. Accordingly, this claim is both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, relief on the merits of this claim is precluded.

**B. Ground Two**

In Ground Two, Petitioner claims that the trial court denied his request for an interrogatory about whether he was in the house or not, and as a result, the jury was able to convict him on a theory not recognized by state or federal law. As with Ground One, despite checking the box on his habeas form that this issue was presented to the COA, Petitioner never presented the claims in Ground Two in his direct appeal or PCR proceedings.

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent

1  Petitioner from now exhausting the claims in Ground Two in state court. Accordingly,

2  these claims are both technically exhausted and procedurally defaulted and thus not

3  properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*,

4  501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show

5  cause for, or prejudice arising from, his procedural default of these claims, and the Court

6  can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477

7  U.S. at 488. Accordingly, the Court finds that the claims in Ground Two are technically

8  exhausted and procedurally defaulted, and that Petitioner has failed to show cause and

9  prejudice for the default. Habeas relief on the merits of this claim is therefore precluded.

10  **C.  Ground Three**

11         In Ground Three, Petitioner argues that there was insufficient evidence to convict

12  him of burglary or robbery as the predicate felonies for felony murder, notwithstanding

13  the fact that the murders were not committed in the furtherance of any robbery. The Court

14  finds that Petitioner failed to properly present this claim to the state courts.

15         To properly exhaust a claim, a petitioner must "give the Arizona courts a 'fair

16  opportunity' to act on his federal [] claim before presenting it to the federal courts."

17  *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004). This "provides a simple and

18  clear instruction to potential litigants: before you bring any claims to federal court, be

19  sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520

20  (1982). As this Court has explained, in order to fairly present and properly exhaust his

21  claims, "a petitioner [must] describe both the operative facts and the federal legal theory

22  to the state courts. It is not enough that all of the facts necessary to support the federal

23  claim were before the state court or that a 'somewhat similar' state law claim was raised."

24  *Date v. Schriro*, 619 F.Supp.2d 736, 764–65 (D. Ariz. 2008) (quoting *Reese*, 541 U.S. at

25  28)).

26         Here, on direct appeal, Petitioner argued that there was insufficient evidence to

27  convict him of felony murder because the evidence showed that he was an accomplice,

28  not a principal, to the predicate felonies. Similarly, in his Rule 32 petition, Petitioner

argued that because he was not a participant in the predicate felonies, he could not be convicted of felony murder.[1] However, Petitioner did not argue that there was insufficient evidence to convict him of burglary or robbery, the claim he now makes in his habeas petition. It is not enough that Petitioner may have raised a somewhat similar claim in state court; he failed to properly present the specific claim he makes now, and thus failed to give the state courts a fair opportunity to rule on his federal claim.[2]

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting Ground Three in state court. Accordingly, the claim is both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or prejudice arising from, his procedural default of these claims, and the Court can glean

---

[1] The Court also notes that Petitioner did not present this as a separate issue in his Rule 32 petition. Rather, Petitioner argued that the COA affirmed his convictions based on clearly erroneous facts, and then as a sub argument, Petitioner alleged that he could not be convicted of felony murder because he was not a participant in the predicate felony. In denying PCR, the trial court noted that this argument appeared "to be nothing more than an effort to re-argue his appellate argument that insufficient evidence supported his conviction." (Ex. O at 5).

In addition, when denying relief on Petitioner's petition for review after the trial court denied PCR, the COA noted that to the extent Petitioner was arguing that "his convictions violate due process because there was insufficient evidence to support his convictions or because the prosecutor engaged in misconduct, those claims are precluded because they could have been raised on appeal." (Ex. Q at ¶4 n. 2) (citing Ariz. R. Crim. P. 32.2(a)(3)). Thus, the state court applied an express procedural bar and this Court is precluded from addressing the merits of this claim on habeas review.

[2] The Court further notes that in his direct appeal, Petitioner argued sufficiency of the evidence to convict for felony murder as a state law issue by analyzing Arizona statutes and case law. While the opening brief included a brief statement that "A verdict supported by insufficient evidence violates due process" and a citation to the 5th and 14th amendments of the United States Constitution, (Ex. B at ¶21), the Ninth Circuit has specifically held that a petitioner's "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory . . ." fails to satisfy the fair presentment requirement. *Castillo*, 399 F.3d at 1002–03 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."); *see also Date*, 619 F.Supp.2d at 764 ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim").

As in his direct appeal, Petitioner also based his arguments in his Rule 32 petition on Arizona case law and statutes, with a brief statement that "his conviction was obtained in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution." (Ex. L at 7).

none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. Accordingly, the Court finds that Petitioner's claims in Ground Three are technically exhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice for the default. Habeas relief on the merits of this claim is therefore precluded.

**D. Ground Four**

In Ground Four, Petitioner argues that his appellate counsel was ineffective for allowing the COA to consider the wrong facts and for failing to raise and preserve 404(b) evidentiary issues. The Court finds that Petitioner failed to fairly present his claims in Ground Four to the state courts because he failed to argue the federal constitutional basis for the claims. And, even if Petitioner had properly presented the claims as federal claims, the Court further finds that Petitioner failed to properly exhaust the Rule 404(b) portion of his claim by failing to present it to the Arizona COA, and that Petitioner failed to properly exhaust the wrong facts portion of his claim by failing to present it to the state courts in a procedurally appropriate manner.

In Arizona, exhaustion is satisfied if a petitioner presents the federal basis of his claims to the COA through either the direct appeal process or PCR proceedings. "Fair presentation requires a petitioner to describe both the operative facts and the federal legal theory to the state courts. It is not enough that all of the facts necessary to support the federal claim were before the state court or that a 'somewhat similar' state law claim was raised." *Date*, 619 F.Supp.2d at 764 (quoting *Reese*, 541 U.S. at 28 (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim)). A petitioner's "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory . . ." fails to satisfy the fair presentment requirement, and "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo*, 399 F.3d at 1002–03.

Here, Petitioner argued in his Rule 32 petition that trial counsel was ineffective for failing to object to the introduction of other bad act evidence under Rule 404(b) and that

appellate counsel was ineffective for failing to raise this issue on appeal as fundamental error.[3] (Ex. L at 12). Petitioner based his argument on the Arizona Rules of Evidence and state case law. While Petitioner made a reference earlier in the brief to United States Supreme Court law recognizing a defendant's right to effective assistance of counsel on appeal, *see* Ex. L at 12 (citing *Evitts v. Lucey*, 69 U.S. 387(1985)), Petitioner did not argue the Rule 404(b) issue as a federal, constitutional issue.

In his reply brief, Petitioner also argued that appellate counsel was ineffective for allowing the COA to consider the wrong facts and again cited *Evitts*. (Ex. N at 3). The basis of Petitioner's argument was that the COA relied on the wrong facts in affirming Petitioner's convictions on direct appeal, the State also relied on those erroneous facts in its response to the Rule 32 petition, and it was appellate counsel's fault for allowing the COA to rely on the wrong facts. This fails to meet the fair presentation requirement because Petitioner failed to argue a federal constitutional basis for his claim that appellate counsel was ineffective for allowing the COA to consider the wrong facts.

In denying PCR, the trial court found that as to the 404(b) claim, Petitioner misstated the record because "this issue–which had been the subject of motions by both parties—was addressed and the court ruled that this evidence was admissible as both an intrinsic part of the crimes charged and also as admissible for appropriate purposes under . . . Rule 404(b)." (Ex. O at 7). The court further found that,

> Because the evidence . . . was properly admitted following vigorous and competent objection by the Petitioner's attorney during pretrial, it does not fall below an objectively reasonable standard of attorney representation to make the choice to not raise a futile objective during the trial. It follows that appellate counsel was not ineffective for failing to raise this issue during the Petitioner's direct appeal.

*Id.* at 7–8. The court concluded that, although it addressed each of Petitioner's IAC claims at face value,

> [T]his Court also finds that—although the State failed to

---

[3] This evidence consisted of testimony by Oin Oakstar, who testified on behalf of the State as part of his plea agreement. Oakstar's testimony concerned his relationship with Petitioner and their history of using and transporting marijuana together.

> plead preclusion—the evidentiary arguments were raisable on appeal under Rule 31 and are subject to preclusion. Rewording lost and waived evidentiary issues to paint them as ineffective assistance of trial and appellate counsel does not give Petitioner a second chance to appeal those issues.

*Id.* at 10 (internal citation omitted).[4]

Exhaustion requires that Petitioner fairly present his claims to the COA. After the trial court denied PCR, Petitioner filed a petition for review with the Arizona COA and presented two issues for review: 1) whether the trial court erred when it refused to consider Petitioner's due process, constitutional claim that the COA relied on erroneous facts when affirming Petitioner's convictions on direct appeal; and 2) whether the trial court erred by failing to consider Petitioner's claim of IAC of appellate counsel. (Ex. P). Petitioner alleged that the trial court "did not deal with the issue of ineffective assistance of appellate counsel" and that appellate counsel "was remiss in failing to properly review the case in order to ensure that [the COA] did not cite to erroneous facts." (Ex. P at 13). Petitioner referenced *Strickland v. Washington*, 466 U.S. 668 (1984), the Sixth Amendment, and the due process and equal protection clauses. Petitioner did not specifically argue that appellate counsel was ineffective for failing to raise a Rule 404(b) issue.

In denying relief on the petition for review, the COA noted that although Petitioner claimed that the trial court did not address his claim that appellate counsel was ineffective for failing to ensure that the COA did not rely on erroneous facts, "a trial court is not required to address claims raised for the first time in a reply." (Ex. Q at ¶5). The COA therefore concluded that the trial court did not err in declining to review the claim. *Id.* The COA also noted that during Petitioner's direct appeal proceedings,

---

[4] The trial court did not directly address Petitioner's claim (raised only in his reply brief) that appellate counsel was ineffective for allowing the COA to rely on erroneous facts. Rather, the court found that Petitioner's argument that the COA based its decision on factual errors appeared "to be nothing more than an effort to re-argue his appellate argument that insufficient evidence supported his conviction." (Ex. O at 5). The court concluded that "Petitioner's line of argument fails when he has to provide his own interpretation of the facts in order to prevail[,]" and that Petitioner's argument did not support a lack of due process. *Id.*

1  appellate counsel filed a motion for reconsideration arguing that the court misconstrued

2  the evidence, which the court denied. As Petitioner did not raise the 404(b) issue in his

3  petition for review, the COA did not address it.

4      In sum, the wrong facts portion of Ground Four was never adjudicated on the

5  merits[5] because it was only raised in the Rule 32 reply brief and the trial court did not

6  address it, and although raised in the petition for review to the COA, the COA found no

7  error because the trial court is not required to address claims raised for the first time in a

8  reply. The Rule 404(b) portion of Ground Four was not fairly presented to the state's

9  highest court because although raised in the Rule 32 petition, Petitioner abandoned this

10  claim in his petition for review to the COA.

11      Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent

12  Petitioner from now exhausting Ground Four in state court. Accordingly, these claims are

13  both technically exhausted and procedurally defaulted and thus not properly before this

14  Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735

15  n. 1; *Garcia*, 2013 WL 4714370 at * 8. Petitioner has failed to show cause for, or

16  prejudice arising from, his procedural default of these claims, and the Court can glean

17  none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at

18  488. Accordingly, the Court finds that Petitioner's claims in Ground Four are technically

19  exhausted and procedurally defaulted, and that Petitioner has failed to show cause and

20  prejudice for the default. Habeas relief on the merits of this claim is therefore precluded.

21  **IV.    CONCLUSION**

22      For the foregoing reasons,

23      **IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is

24  denied and that this action is dismissed with prejudice. The Clerk shall enter judgment

25  accordingly.

---

26  [5]    The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's
27  constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the
petitioner's right to post-conviction relief on the basis of the substance of the
constitutional claim advanced, rather than denying the claim on the basis of a procedural
28  or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d
943, 969 (9th Cir. 2004).

1      **IT IS FURTHER ORDERED** that no certificate of appealability shall be issued

2   and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the

3   Petition is justified by a plain procedural bar and reasonable jurists would not find the

4   ruling debatable. Further, to the extent Petitioner's claims are rejected on the merits,

5   reasonable jurists would not find the Court's assessment of the constitutional claims to be

6   debatable or wrong.

7          Dated this 6th day of June, 2018.

8

9

10                                             _____
                                               Eric J. Markovich
11                                             United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28